Asociación Industrial Guayamesa, Inc., representada por su Presidente Eliseo Pillot, demandante y apelada, *v.* Bernardino Ortiz, Cleofe García Badillo y Guillermo Garáu, demandados y apelante el primero.

No. 6833.—*Sometido:* Mayo 9, 1935. *Resuelto:* Junio 3, 1935.

*T. Bernardini de la Huerta,* abogado del apelante; *A. Porrata Doria,* abogado de la apelada.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

La Asociación Industrial Guayamesa, una corporación del país, demandó a Bernardino Ortiz, Cleofe García y Guillermo Garáu en cobro de $1,260 procedentes de alquileres de cierto inmueble que arrendó al primero de ellos con la garantía solidaria de los últimos.

El arrendamiento consta en escritura pública y para garantizar el canon de cada mes se otorgaron pagarés separados a favor de la corporación firmados por los tres demandados todos los cuales decían: "Por el presente autorizamos a cualquier abogado para que comparezca en cualquier corte, en el pleito que establezca el poseedor de esta obligación en cualquier tiempo después de su vencimiento, admitiendo la citación, confesando la deuda y consintiendo la sentencia que se dictare, quedando obligados al pago de

costas, gastos de honorarios, del abogado que el acreedor utilizare ante cualquier corte de justicia, hasta obtener el cobro."

Contestó el demandado Ortiz reconociendo el contrato y la existencia de siete pagarés en poder de la demandante, pero reclamando a ésta por vía de reconvención $1,800. Pidió una sentencia que condenara a la demandante a entregarle los siete pagarés y a pagarle ochocientos diez dólares "o lo que justamente pueda resultar en armonía con las alegaciones o cualquier otro pronunciamiento armonizado con aquéllas, con más las costas, gastos y desembolsos."

Basó su recovención substancialmente en que nunca fué puesto en posesión material del edificio arrendádole destinado a panadería; en que dicho edificio estaba ocupado por Secundino Rodríguez que pagaba a la demandante cincuenta dólares al mes, conviniendo la demandante con el demandado en que éste continuara como continuó pagando el canon estipulado bajo el compromiso de obtener la demandante que Rodríguez desalojara el edificio y de abonar al demandado finalmente los cincuenta dólares mensuales que la corporación venía percibiendo de Rodríguez; que al retirarse Rodríguez tampoco se le entregó el edificio, quedando en él Juan Andújar, motivo por el cual, faltando sólo siete meses para terminarse el contrato, el demandado suspendió el pago de los alquileres limitándose a satisfacer sólo el cincuenta por ciento de los mismos o sea noventa dólares mensuales que entregó durante tres meses a Rafael Villalobos sin recoger los pagarés correspondientes que la demandante reservó en su poder para cuando llegara la liquidación final del contrato; que hasta mayo, 1933, el demandado había pagado a la demandante por razón del contrato $5,490, restando hasta su terminación sólo $990 y que a virtud de los nuevos convenios la demandante debía entregar al demandado cincuenta dólares mensuales durante treinta y seis meses, esto es, $1,800. Y así, compensada su deuda para con la demandante, ésta le debía aún $810.

Fué el pleito a juicio practicándose una larga prueba documental y testifical que apreció la corte sentenciadora como demostrativa de los siguientes hechos:

". . . allá para el día 13 de septiembre de 1930, se llevó a cabo un contrato de arrendamiento entre la demandante y el demandado Bernardino Ortiz, del establecimiento dedicado a la industria de panadería a que se hace referencia en la demanda.

". . . dicho arrendamiento fué por el canon de CIENTO OCHENTA DÓLARES mensuales, o sea seis dólares diarios otorgándose para el pago de dichos cánones, treintiséis pagarés, los que fueron autorizados por los demandados, cuyos documentos fueron entregados a la corporación demandante.

". . . el demandado Bernardino Ortiz abonó veintinueve de dichos pagarés, quedando en la actualidad pendientes siete de ellos, correspondientes a los meses de marzo, abril, mayo, junio, julio, agosto y septiembre de 1933.

". . . no obstante haber sido arrendado el establecimiento de panadería al demandado Bernardino Ortiz, se quedó trabajando en él, el Sr. Secundino Rodríguez, quien alegó para no desalojar el inmueble, que él pagaba a la corporación la cantidad de CINCUENTA DÓLARES mensuales.

". . . más tarde el referido Rodríguez abandonó la panadería, quedando no obstante en ella, el individuo Juan Andújar, quien alegaba también que pagaba a la demandante DIEZ DÓLARES mensuales por cánones de arrendamiento, apareciendo de la prueba practicada comprobado este hecho por los recibos expedidos por el Secretario de la corporación demandante al Sr. Andújar, y los cuales montan a la suma de $73.35, habiendo quedado a deber Andújar la cantidad de $60, por concepto de cánones también, y la cual le fué reclamada al fiador del mismo, el Sr. Rafael Villalobos.

". . . el demandado Bernardino Ortiz, abonó a la demandante tres plazos de NOVENTA DÓLARES cada uno, cantidad que entregó al Sr. Rafael Villalobos, sin obtener la devolución de pagaré alguno en atención a que Ortiz pretendía que el canon de arrendamiento le fuera reducido a un cincuenta por ciento a lo que no accedió Villalobos, cuya suma no le fué devuelta al Sr. Bernardino Ortiz."

Continúa la corte razonando así:

"La contención del demandado en este caso es que nunca llegó a tomar posesión del inmueble a que se ha hecho referencia, por encontrarse éste ocupado por los arrendatarios antes mencionados. . . .

"Nos llama mucho la atención en este caso que el demandado Bernardino Ortiz, quien según él alega, no estuvo nunca en posesión de la panadería en cuestión, estuviera pagando los cánones de arrendamiento, conformándose con que le abonaran a su cuenta lo que pagaban por concepto de cánones de arrendamiento los otros arrendatarios, es decir, que él estuviera pagando seis dólares diarios, o sea, ciento ochenta dólares mensuales, sin tener la posesión de la panadería, y que se conformara con recibir cincuenta dólares, que es lo que los otros pagaban, perdiendo mensualmente la suma de CIENTO TREINTA DÓLARES, lo que nos lleva a la conclusión de que . . . el convenio en cuestión tiene otra naturaleza, a la cual no queremos hacer referencia en esta opinión . . .

"Tenemos que aceptar los hechos tal como nos han sido presentados y en la forma que aparecen de la prueba aportada por las partes en este caso, y es claro y evidente a tenor de la misma, que existe un contrato de arrendamiento entre la demandante y el demandado Bernardino Ortiz, y que éste está obligado a cumplir con el mismo en todas sus partes, siendo uno de los requisitos esenciales . . . el pago del precio . . .

"Si Bernardino Ortiz no obtuvo desde el comienzo del contrato la posesión de la cosa arrendada, él debió haber rescindido dicho contrato o tomar las medidas necesarias para librarse del cumplimiento de las obligaciones que por el mismo había contraído, pero cumplido el contrato en lo que a él se refería y después de largo tiempo de estar en este cumplimiento, negarse al pago, nos parece impropio y contrario a la ley.

"El comentarista Manresa, en el tomo 10 de sus Comentarios al Código Civil, segunda edición, página 530, y al referirse a esta cuestión se expresa del modo siguiente:

" ' . . . El arrendatario que tolera las faltas del arrendador y calla, y sólo se acuerda de ellas cuando llega la hora de pagar la renta, más parece excusarse en un pretexto que fundarse en una razón. El derecho para ser eficaz requiere ser ejercido en el momento oportuno y por los medios legales.'

"Pero a pesar de esto, siendo hecho cierto que aparece de la prueba que durante el tiempo del contrato la panadería estuvo produciendo beneficios a la corporación demandante, a virtud de estar trabajando en ella los señores Secundino Rodríguez, Juan Andújar y Juan Rodríguez, y sería en un todo injusto que obligáramos a Bernardino Ortiz a pagar los cánones de arrendamiento a la corporación demandante y que ésta a la vez se beneficiara con el pago que hacían estos señores . . .

" . . . la prueba . . . no ha demostrado claramente que Secundino Rodríguez pagara a la demandante cantidad alguna por concepto de cánones de arrendamiento, pero sí aparece que Juan Andújar abonó varios cánones de arrendamiento ascendentes a la suma de $73.35, quedando a adeudar la suma de $60 que debe pagar su fiador Rafael Villalobos, y siendo así nos parece que estas cantidades deben ser abonadas y descontadas del crédito que deben pagar los demandados en esta acción, a cuyas sumas debemos agregar además la cantidad de $270, que fué entregada por el demandado Bernardino Ortiz al Sr. Villalobos y que no le ha sido abonada a su cuenta ni le fué devuelta en los momentos en que la quiso entregar y no le fué aceptada."

Concluye, por último, que el caso debe decidirse como sigue:

"En estas condiciones somos de opinión, que procede declarar con lugar la demanda, condenando a los demandados Bernardino Ortiz, Cleofe García Badillo y Guillermo Garáu a que paguen mancomunada y solidariamente, a la demandante la suma de $856.65, que representa el total de su reclamación menos la cantidad de $403.35, montante de las sumas abonadas por el demandado Bernardino Ortiz, y de los cánones de arrendamiento cobrados por la demandante al arrendatario ya mencionado, declarándose a la vez con lugar la reconvención, ordenándose que el demandado Bernardino Ortiz, obtenga de la demandante la suma de $403.35, por concepto de cantidades por él pagadas a su crédito y por concepto de arrendamiento de las personas que ocupaban la propiedad, cuya suma le será abonada a su crédito y descontada del total de los cánones de arrendamiento que él adeuda, . . . con las costas a los demandados por aparecer esta obligación de los pagarés que han sido presentados como prueba, . . ."

No conforme el demandado Ortiz, apeló para ante esta Corte Suprema. Señala tres errores. Sostiene que la sentencia es contraria a los propios hechos declarados probados por la corte, y que declarada con lugar la reconvención, debió otorgarse al demandado toda la compensación a que tiene derecho y debieron imponerse las costas a la demandante.

Hemos analizado por nosotros mismos la prueba practicada y a nuestro juicio sostiene la sentencia recurrida.

■■ El contrato de arrendamiento consta en documento público. Sus términos son claros. La demandante arrendó al demandado Ortiz un edificio con una panadería instalada en el mismo, por tres años y canon de seis dólares al día en pago del cual se entregaron a la demandante treinta y seis pagarés firmados por el demandado Ortiz y los otros demandados García y Garáu en° la forma que conocemos, cada uno por ciento ochenta dólares a vencer en el mes correspondiente, habiéndose dejado de recoger los siete últimos. La panadería se entregó mediante inventario con el que mostró su conformidad el demandado Ortiz.

Es cierto que en la panadería arrendada se continuó trabajando por otras personas directamente relacionadas con la demandante de algunas de las cuales recibió pequeñas sumas, pero lo fué con conocimiento y consentimiento del demandado Ortiz porque dichas personas -lo que fabricaban no era pan sino dulces y galletas. Al demandado Ortiz lo que interesaba era la no fábrica de pan.

Surge de manera tan clara de toda la evidencia que el arrendamiento se verificó por el demandado Ortiz para controlar la panadería de que se trata en cuanto a la fabricación de su producto básico, pan, que dejar de reconocerlo es como negarse a admitir la realidad en sí misma. De ahí se explica la conducta de ambas partes que en nada afectaba el pago de los alquileres que fué haciéndose sin dificultad por el dicho demandado hasta siete meses antes del vencimiento del arriendo.

¿Qué ocurrió que llevó al demandado Ortiz a variar de actitud? La respuesta se encuentra en la declaración de otro de los demandados, Garáu, que consta a las páginas 244 a 246 de la transcripción. Dijo que requerido para pagar por la demandante se entrevistó con Ortiz. "Entonces le dije que por qué no arreglaba eso y entonces él me contestó que él era el que tenía arrendada la panadería, que él se ocuparía en pagar eso pero que la corporación tenía que bajarle el 50 por ciento." Y preguntado: "¿Por qué

motivo pedía él que se le bajara el 50 por ciento"?, contestó: "Porque se entabló una competencia en el negocio del pan y el negocio se puso malo."

Seguidamente explicó que en otros contratos de arriendo existente se accedió a la rebaja, pero en éste la demandante no venía obligada a rebajar porque el caso había sido previsto en el contrato, como así era en verdad.

Congruente con lo dicho por el demandado Garáu es la actitud del demandado Ortiz al abonar en vez de ciento ochenta dólares, noventa por cada uno de los tres primeros meses de los siete últimos de que se trata. Los abonos se hicieron a y fueron retenidos por Villalobos, Presidente que fué de la corporación demandante, acreedor que continuó siendo de ella y persona de gran influencia en los asuntos de la misma, no directamente a la demandante, y cuando Villalobos presentó el caso a la corporación, ésta se negó a aceptar la rebaja.

No tiene motivo alguno de queja el apelante. La corte fué con él todo lo más justa que le fué posible, inspirada seguramente en la clase de transacción envuelta. Sin embargo, al actuar en la forma en que lo hizo no venía obligada a concederle todo lo reclamado en su reconvención sino aquello que se hubiera demostrado que debía concedérsele dentro de su reclamación.

No existe incongruencia entre los hechos declarados probados y el fallo. La corte no declaró probado que la demandante recibiera cincuenta dólares mensuales de Rodríguez, sino que Rodríguez alegó que él pagaba esa suma a la corporación, y luego agregó que la prueba no demostraba que Rodríguez hubiera pagado cantidad alguna a la corporación por concepto de cánones de arrendamiento, y así es en efecto.

La Corte pudo declarar con lugar la reconvención limitándose a reconocer lo que quedó en el juicio establecido. Procedió así de acuerdo con los hechos y la ley y en armo-

nía con la propia súplica de la contestación y reconvención del demandado apelante. No hubo error.

Tampoco erró la corte al no condenar en costas a la demandante y al imponerlas a los demandados. Para lo primero usó de su discreción en debida forma. Para lo segundo tuvo en cuenta lo pactado por escrito por las propias partes contratantes.

*Debe confirmarse la sentencia recurrida.*